IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41478
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL R. ALLEN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C:97-CR-152-2
--------------------

September 23, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Roy Allen challenges his convictions for conspiracy to possess with intent to distribute and possession with intent to distribute marijuana. Allen argues that the district court erred by denying his motion to suppress because law enforcement officers did not possess reasonable suspicion to justify the stop of his vehicle. The district court did not err by denying Allen's motion to suppress. The totality of the information available to the law enforcement officers established reasonable

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspicion that Allen was involved in criminal activity and sufficiently justified the stop.  United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993); United States v. Tellez, 11 F.3d 530, 532 (5th Cir. 1993).

Allen argues that the district court erred in finding that he had waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  Blue brief 12-14.  Allen has produced nothing to support his bald assertion that the district court clearly erred in finding that he understood his rights and voluntarily waived them.  See United States v. Collins, 40 F.3d 95, 98 (5th Cir. 1994).

Allen asserts that the district court plainly erred in failing to give the jury an instruction regarding compensated witnesses.  Allen has not shown plain error with respect to the jury instructions.  See United States v. Narviz-Guerra, 148 F.3d 530, 538, n.5 (5th Cir.), cert. denied, 119 S. Ct. 601 (1998).  :

Allen's argument that the district court erred by allowing the Government to present evidence obtained in violation of 18 U.S.C. § 201(c)(2) is foreclosed by United States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), cert. denied, 119 S. Ct. 1795 (1999).

AFFIRMED.